UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

OXFORD DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY AS PARTIAL SUBROGEE OF FLYNT GRIFFIN | * * * * | CIVIL ACTION NO.: 3:20cv292-NBB-RP |
| VERSUS | * * | |
| BRIAN ATWOOD d/b/a ATWOOD CONSTRUCTION and SID COLEMAN CONSTRUCTION, LLC | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND REQUEST FOR TRIAL BY JURY**

COMES NOW, Plaintiff, STATE FARM FIRE AND CASUALTY COMPANY, an insurance company, established under the laws of, and having its principal place of business in, the State of Illinois, as partial subrogee of FLYNT GRIFFIN, who respectfully represents:

**I. PARTIES, VENUE AND JURISDICTION**

1. Plaintiff, State Farm Fire and Casualty Company, is a foreign corporation existing under the laws of the State of Illinois, who suffered tortuous injury due to the acts and/or omissions on the part of Defendants, Brian Atwood, doing business as Atwood Construction and Sid Coleman Construction, LLC, in Lafayette County, Mississippi. Plaintiff insured Flynt Griffin against loss under a contract of insurance and paid such covered losses pursuant to said contract thereby becoming both contractually and equitably subrogated to Griffin's claims as against Defendants.

2. Defendant, Brian Atwood (Atwood), is a person of the full age of majority and a resident of, and domiciled in, the State of Mississippi who conducted business under the trade name Atwood Construction. Defendant Atwood, at all relevant times, has engaged in business in the State of Mississippi, as more particularly described below. Defendant Atwood maintains a place of business in Mississippi where service of citation may be made in this case. The causes of action arose from and are connected with purposeful acts committed by Defendant Atwood in Mississippi because Defendant Atwood advertised, contracted and performed construction and construction-related services in the State of Mississippi.

3. Defendant, Sid Coleman Construction, LLC (Coleman), is a Mississippi limited liability company organized and existing under the laws of the State of Mississippi which has engaged in business in the State of Mississippi, as more particularly described below. Defendant Coleman maintains a place of business in Mississippi where service of citation may be made in this case. Defendant Coleman has Sidney Coleman listed as its sole member with the Mississippi Secretary of State. Sidney Coleman's address is in Lafayette County, Mississippi. The causes of action arose from and are connected with purposeful acts committed by Defendant Coleman in Mississippi because Defendant Coleman advertised, contracted and performed construction and construction-related services in the State of Mississippi.

4. The "Property" at which the damage complained of herein occurred is located at 3616 Lyles Drive, Oxford (Lafayette County), Mississippi.

5. Venue of this suit is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in the Oxford Division of the Northern District

of Mississippi.

6. The Court has jurisdiction over this lawsuit under 28 U.S.C. 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## II. BACKGROUND FACTS

7. Plaintiff incorporates paragraphs numbered 1-6 as if set forth fully herein.

8. At all times relevant hereto, Flynt Griffin was the owner of the real and personal property located at 3616 Lyles Drive, Oxford (Lafayette County), Mississippi (the Property).

9. In or around 2016, Griffin contracted with Defendant Atwood for the construction of an addition and other improvements to the Property. Defendant Atwood was the general contractor for the construction of the addition and improvements and was responsible for, among other inherent duties and obligations, selecting and purchasing necessary materials, identifying, hiring and supervising subcontractors and other workers, supervising, monitoring and directing the day to day construction practices, quality and procedures and ensuring that the contracted work was completed in a professional and workmanlike manner.

10. Defendant Atwood was paid a fee for his services as the general contractor.

11. Defendant Atwood contracted with and hired Defendant Coleman to complete various parts of the construction work, including framing walls and framing a fireplace located in the home's addition. Defendant Atwood paid Defendant Coleman for the work done and the cost of the labor and materials were included in the general contract or passed on to Griffin by Defendant Atwood.

12. Defendant Atwood contracted with and hired other subcontractors to complete various parts of the construction work, including the masonry work in and around the

fireplace located in the home's addition. Defendant Atwood paid the retained subcontractors for the work done and the cost of labor and materials were included in the general contract or passed on to Griffin by Defendant Atwood.

13. The construction of the addition and improvements to the home was completed in 2016.

14. On or about November 15, 2019, a fire erupted at the Property. One or more local Fire Departments responded to the 9-1-1 call and extinguished the flames. However, as a result of the fire, the structure and the personal property contents within the Property were damaged extensively.

15. Shortly after the fire, a certified fire investigator and other experts were retained by Plaintiff to investigate to determine the area of origin and cause of the fire at the Property. After conducting a thorough investigation, these investigators determined that the fire originated in the fireplace framed, constructed and installed in the home's addition by Defendants. Closer examination revealed that the fire caused damages to the crawlspace framing in and around the fireplace and smoke damage throughout the Property.

16. It was conclusively determined that the fire was caused by the improper installation by Defendants of the fireplace and its component parts as part of the contracted renovations and improvements. It was learned that the brick masonry fireplace framed, constructed and installed by Defendants was constructed over the wood framing of the crawlspace, that the firebox was built directly over the wood joists and decking, and that the chimney was framed such that the masonry lining the fire box was bearing directly on top of the wood decking and wood framed Trim-Joists. The investigation

revealed direct contact with combustible materials on the underside of the fire brick used for the fire box.

17. The experts conclusively determined that the fireplace and its component parts were framed, constructed and installed in violation of the National Fire Code and that the improper framing, construction and installation of the framing, fireplace and its component parts caused the fire.

18. As a direct, proximate and producing result of the improperly constructed and installed framing, fireplace and component parts, Flynt Griffin suffered damages to his real and personal property and was forced to incur additional living expenses as a result of being displaced from his home due to the fire which rendered the home uninhabitable. Pursuant to the homeowner's insurance policy in effect for the date of loss, State Farm Fire and Casualty Company compensated Flynt Griffin for the covered damages sustained as a result of the fire in question, and now brings this suit to recover its contractual and equitable subrogation interests from Defendants.

### III. CAUSES OF ACTION AGAINST DEFENDANTS

### Count One – Breach of Contract against Defendant Atwood

19. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

20. Flynt Griffin contracted with Defendant Atwood for the construction of the addition and improvements at the Property. Atwood was to act as the general contractor for the job and was responsible for selecting and purchasing necessary materials, identifying, hiring and supervising subcontractors and other workers, supervising, monitoring and directing the day to day construction practices, quality and procedures and ensuring that the contracted work

was completed in a professional and workmanlike manner. Defendant Atwood was compensated for his services.

21. Defendant Atwood failed to exercise the skill and knowledge normally possessed by members in the construction profession or trade during the construction of the addition and renovation at the Property.

22. Defendant Atwood breached his contract with Griffin and Griffin suffered damages as a direct, proximate and producing result of Defendant Atwood's breach. Griffin suffered damage to his real property, personal property and was forced to incur additional living expenses due to his home being rendered uninhabitable due to the fire damage.

**Count Two – Negligence against Defendant Atwood and Defendant Coleman**

23. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

24. At all times relevant hereto, Defendant Atwood and Defendant Coleman (Sometimes collectively "Defendants") owed a duty to Griffin to exercise reasonable case in the construction and installation of the framing, fireplace and components installed as part of the contracted construction and renovation at the Property. Defendants were responsible for supervising, monitoring the construction practices, quality and procedures and ensuring that the contracted work was completed in a professional and workmanlike manner.

25. Defendants breached their duty to Griffin. The resulting damages sustained by Griffin were caused through the individual or combined fault of Defendants in that they:

    a.    Failed to properly install the framing and fireplace components in the Property;

    b.    Failed to properly install the necessary protective barrier(s) between the fireplace and adjacent combustibles in the construction and renovation at the Property;

    c.    Installed combustible materials too near the fireplace and it component parts in direct violation of applicable Fire Codes and State and Local Ordinances;

    d.    Failed to properly supervise the subcontractors and other workers responsible for the construction of the addition and improvements at the Property;

    e.    Failed to properly train and/or supervise employees of subcontractors working on the framing and fireplace installation at the Property;

    f.    Failed to exercise due care and caution;

    g.    Failed to provide the proper products and materials necessary for the installation of the fireplace at the Property;

    h.    Failed to perform and/or monitor the construction and installation of the fireplace at the Property;

    i.    Failed to discover defects in the installation of the framing, fireplace and its component parts at the Property;

    j.    Failed to warn Griffin of the dangerous condition created by the faulty installation of the framing, fireplace and components at the Property;

    k.    Failed to use proper materials to protect the Property;

    l.    Failed to perform the contracted work in professional and workmanlike manner;

    m.    Breached their duty of due care in the construction and renovation at the Property; and

    n.    Other acts of negligence in violation of the laws of the State of Mississippi.

26. Defendants knew or, thorough the exercise or reasonable care, should have known of the dangerous condition created by their actions and/or omissions, which actions and/or omissions caused the described damage to the Property.

27. Defendants exercised substantial control over all aspects of the renovation and

construction at the Property and failed to exercise the skill and knowledge normally possessed by members in the construction profession or trade during the renovation and construction.

28. Defendant Atwood is vicariously liable for the damage caused by the fault, negligence and/or want of due care on the part of Defendant Coleman and any other subcontractors, workers, agents or assigns hired, retained or supervised by Defendant Atwood as part of his duties and responsibilities as the general contractor for the construction and renovation at the Property.

29. Griffin was not knowledgeable of the defective condition of the framing and fireplace installed in his home and did not realize the danger in using, being exposed to or otherwise having the improperly installed framing and fireplace components in his home and, therefore, did not deliberately or voluntarily choose to expose himself or his family to the danger in such a manner as to register assent to a dangerous condition.

30. As a direct and proximate result of Defendants' negligence, Griffin suffered damage to his real and personal property and incurred additional living expenses due to his home being rendered uninhabitable due to the fire damage.

### Count Three – Breach of Warranty against Defendant Atwood and Defendant Coleman

31. Mississippi law imposes upon a contractor a duty to construct all projects in a workmanlike manner, free from defects. This warranty of workmanship is implied by law into every construction contract.

32. Defendants were responsible for directing, supervising and monitoring the construction practices, quality and procedures at the Property and ensuring that the contracted work was completed in a professional and workmanlike manner. There was an

implied agreement between Griffin, Defendant Atwood and Defendant Coleman that the contracted work would be performed with a degree of workmanship normally possessed by those in the construction industry. Defendants breached their duty to Griffin and, as a consequence, Griffin suffered damage to his real and personal property and incurred additional living expenses due to his home being rendered uninhabitable due to the fire damage.

## IV. DAMAGES

33. As a direct, proximate and producing result of Defendants' wrongful conduct set forth herein, Plaintiff has been injured and damaged in one or more of the following ways:

   a. Damage to real property, including without limitation, physical harm to real property;

   b. Damage to personal property;

   c. Economic losses;

   d. Loss of use and enjoyment of real property.

34. Pursuant to an insurance policy in effect for the date of loss, State Farm Fire and Casualty Company has compensated Flynt Griffin for the covered damages he incurred as a result of the fire that occurred on or about November 15, 2019. State Farm has now brought this action against Defendants seeking to exercise its rights to contractual and equitable subrogation. Plaintiff hereby asserts its claim for damages as described above.

## V. JURY DEMAND

35. Plaintiff hereby demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Farm Fire and Casualty Company as partial subrogee of Flynt Griffin, requests that Defendants be summoned to

appear and answer herein, as that after final trial, Plaintiff recover:

    a.    A judgment against Defendants for compensatory damages as set forth above;

    b.    A judgment against Defendants for all court costs and expenses incurred by Plaintiff;

    c.    A judgment for pre- and post-judgment interest as provided by law; and,

    d.    An Award for such other just and legal relief whether prayed for herein or not and which the Court deems just and appropriate.

                      Respectfully submitted,

                      *s/JAMES E. BROUILLETTE*
                      **JAMES E. BROUILLETTE**
                      Mississippi Bar Number 10448
                      3330 Lake Villa Drive, Ste. 202
                      Metairie, Louisiana 70002
                      (504) 378-0256   (504) 378-0258 fax
                      jebrouillette@yahoo.com